IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALEXANDER GIRALDO-SANTA, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 321-061 |
| STACEY N. STONE, Warden, | ) ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at McRae Correctional Facility, in McRae Helena, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order from the Court directing the Bureau of Prisons ("BOP") credit to his sentence time that he spent in detention from August 1, 2015, through June 5, 2019, while awaiting extradition from Colombia to the United States. (Doc. no. 1, pp. 2-3, 10.) In his response to the Court's order to show cause, Respondent asserts that upon auditing Petitioner's sentence computation, BOP officials credited Petitioner's sentence with the nearly four years requested, and therefore the petition is moot. Petitioner has not responded to Respondent's filing or otherwise alerted the Court that he has not already been provided the relief sought in his petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 8), and that this case be **DISMISSED** as **MOOT** and **CLOSED**.

I.  **DISCUSSION**

On July 23, 2014, Petitioner was arrested in Colombia based on an arrest warrant for extradition issued in United States v. Giraldo-Santa, 8:13-cr-00331-JSM-SPF (M.D. Fla. June 27, 2013). (Doc. no. 1, p. 2; doc. no. 8-1, Teters Decl. ¶ 7 & Attach. 2.) While awaiting extradition to the United States, Petitioner was sentenced to eighteen years in prison based on a drug conviction obtained in the courts of Colombia, and the Colombian courts ruled the extradition order would not be executed until after Petitioner served his eighteen-year sentence in Colombia. (Doc. no. 1, p. 2; Teters Decl. ¶ 7 & Attach. 3.) Petitioner appealed the Colombian conviction and was exonerated of his eighteen-year sentence on June 6, 2019. (Doc. no. 1, p. 2; Teters Decl. ¶ 7 & Attach. 3.). On December 4, 2019, Petitioner was extradited to the United States, and he was sentenced to 200 months in prison on December 10, 2020, for his drug conviction obtained in the case out of the Middle District of Florida. (Teters Decl. ¶ 7 & Attachs. 4, 5.) Based on the exoneration in Colombia, Petitioner seeks jail credit for the time he spent awaiting extradition to the United States that was not already previously credited against his BOP sentence. (Doc. no. 1, p. 3.)

At the time he filed his petition, Petitioner had a projected release date of August 9, 2032, based on an award of jail credit from July 23, 2014, through July 31, 2015, and from June 6, 2019, through December 9, 2020. (Doc. no. 1, p. 14; doc. no. 8-1, Teters Decl. ¶ 6 & Attach. 1.) Upon investigation after entry of the Court's order to show cause, the BOP credited Petitioner's federal sentence with the forty-six months and four days requested,[1] and

---

[1] This period covers the time Petitioner was detained in Colombia that had not previously been credited: August 1, 2015, through June 5, 2019. BOP records now show the jail credit as one continuous period from July 23, 2014 through December 9, 2020. (Teters Decl. ¶ 9 & Attach. 6.)

2

Petitioner's sentence computation was updated accordingly to an expected release date, via good conduct time, of October 4, 2028 . (Teters Decl. ¶¶ 8, 9 & Attach. 6.)

As a result, the instant matter is moot. The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Att'y Gen., 557 F. App'x 877, 881 (11th Cir. 2014) (*per curiam*) (citing Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)); Soliman, 296 F.3d at 1242. If events occurring after the filing of a petition deprive the Court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Soliman, 296 F.3d at 1242; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Spencer, 523 U.S. at 18; Soliman, 296 F.3d at 1242.

Here, the record confirms that as of November 29, 2021, the relief Petitioner sought when he filed this petition, forty-six months and four days of credit to the previous August 9, 2032 release date, has been granted. (Teters Decl. ¶¶ 8, 9 & Attachs. 1, 6.) Consequently, no case or controversy remains for which the Court can grant meaningful relief, and this proceeding must be dismissed.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 8), and that this case be **DISMISSED** as

**MOOT** and **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of January, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA